**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NIGEL WILLIAMS,<br>Plaintiff | : | CIVIL ACTION<br>NO. |
| V. | : | |
| WAL-MART STORES, INC.<br>Defendant | : | OCTOBER 4, 2006 |

**NOTICE AND PETITION FOR REMOVAL**

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

The petitioner, Wal-Mart Stores East, LP. (hereinafter "Wal-Mart"), incorrectly named as Wal-Mart Stores, Inc. respectfully petitions this Court as follows:

1. Wal-Mart is the named defendant in a civil action, brought in the Superior Court of the State of Rhode Island, Providence Plantation. Copies of the Summons and Complaint are attached hereto as **Exhibit A**.

2. The Summons and Complaint were served upon the defendant on September 5, 2006 in accordance with the Rhode Island Rules of Civil Procedure.

3. There are no motions pending in the above-captioned action.

4. As a basis for this Court's jurisdiction, there is (1) complete diversity in this Action pursuant to 28 U.S.C.§ 1332(a) and (2) original jurisdiction of the federal District Courts pursuant to 28 U.S.C. § 1441(b).

5. Wal-Mart is a corporation organized under the laws of the State of Delaware with its principal place of business located in Bentonville, Arkansas.

6. Plaintiff is a resident of the State of Rhode Island. (See Exhibit A, Complaint ¶ 1.)

7. The Complaint does not provide a specific damage amount. In such cases, the party invoking the jurisdiction of the federal court has the burden of proving that there appears to be a reasonable probability that the claim is in excess of the statutory jurisdictional amount. *See, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288. If a reasonable review of the allegations supports the possibility that the amount in controversy exceeds $75,000, remand is only mandated if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

8. Plaintiff claims violations of the Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights Act, and the Family Medical Leave Act. Among other alleged damages, plaintiff seeks: compensatory damages for his loss of wages and benefits, in an unspecified amount for an unspecified period of time; punitive damages "in an amount sufficient to punish the Defendant and to deter" what plaintiff alleges to be unlawful behavior; liquidated damages in an amount equal to his lost wages and benefits; an award of attorney's fees, costs and fees; prejudgment interest in the amount of twelve percent (12%) per annum; and other

unspecified relief. In light of these allegations, it is reasonable to expect that the plaintiff's damage amount will be claimed in excess of $75,000. It cannot be said to a legal certainty that the damages cannot, as a matter of law, equal greater than $75,000.00.

9. Therefore, this Court also has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because plaintiff and defendants are citizens of different States and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00). Accordingly, the Action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

10. Plaintiff also claims a violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et. seq. (the "FMLA"), a federal statute over which the United States District Courts have original jurisdiction. Therefore, the District Court of Rhode Island has original jurisdiction of plaintiff's FMLA claim.

11. Pursuant to 28 U.S.C. § 1446(d), Wal-Mart has on this date notified the Superior Court of the Rhode Island of the filing of this petition. A copy of the Notice of Filing of Removal filed in the Superior Court is attached hereto as **Exhibit B**.

**WHEREFORE,** Wal-Mart requests that this action be removed from the District Court of the State of Rhode Island and henceforth placed in this Court.

THE DEFENDANTS
WAL-MART STORES EAST, LP, named
herein as WAL-MART STORES, INC.

By: ______________________

Susan Marcotte Carlin, Esq.
R.I. Bar No. 2648
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
401 335-4550
401 335-4515 (facsimile)

## CERTIFICATION

This is to certify that on this 4th day of October 2006, I caused to be hand-delivered a copy of the foregoing Notice and Petition for Removal to:

**Plaintiff's Attorney**
Mark Gagliardi, Esq.
420 Angell Street
3rd Floor
Providence, RI 02906

______________________
Susan Marcotte Carlin, Esq.