# EXHIBIT A
# SUMMONS AND COMPLAINT

Superior—Form 1 (Prov.)
1-66

# State of Rhode Island and Providence Plantations

PROVIDENCE, SC. SUPERIOR COURT

Civil Action, File No. 06-4162

NIGEL WILLIAMS, Plaintiff

vs.

WAL-MART STORES, INC., Defendant

*Summons*

*To the above-named Defendant:*

The above-named plaintiff has brought an action against you in said Superior Court at Providence. You are hereby summoned and required to serve upon Mark P. Gagliardi, Esq., plaintiff's attorney, whose address is 420 Angell Street, Providence, RI 02906 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature], Clerk

Sealed:

(of the Superior Court)

A TRUE COPY ATTEST: [signature] 6605
EDWIN J. SEMPER, JR.
CONSTABLE
DATE 9/5/06

C.I.—153

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Providence, SC

## PROOF OF SERVICE

I hereby certify that on the .............. day of .......................... I served a copy of this summons and a copy of the complaint received therewith upon ..........................................

..........................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house, ..........................
.......................................................................... (address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his usual place of abode, ..................
.........................................................................., with a person of suitable age and discretion then residing therin.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................
Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................

..........................................................................................................

..........................................................................................................

Sheriff's Fees

Travel . . . . . $ ....................

Service. . . . . $ ....................

$ ....................

.......................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. 06-4162

SUMMONS

SUPERIOR COURT

NIGEL WILLIAMS

vs

WAL-MART STORES, INC.

ATTORNEY FOR PLAINTIFF

Mark P. Gagliardi (#6819)

Note: Returnable to Plaintiff's Attorney forthwith after service. Proof of Service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| NIGEL WILLIAMS,<br>Plaintiff | : | |
| vs. | : | C.A. No. |
| WAL-MART STORES, INC.,<br>alias, and any and all<br>defendants,<br>Defendants | : | |

**COMPLAINT**

This is a claim by Plaintiff, Nigel Williams, against his former employer, Wal-Mart Stores, Inc. for discrimination based on his race, ethnic background, and national origin and for violation of the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*

**The Parties**

1. Plaintiff, Nigel Williams, is a Rhode Island resident.

2. Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized under the laws of the State of [redacted] Delaware and authorized to do business in Rhode Island.

## Jurisdiction and Venue

3. Subject matter jurisdiction is appropriate in this Court because this is an action in which the Plaintiff seeks damages in excess of $10,000.00.

4. This Court has personal jurisdiction over Wal-Mart because it is a Rhode Island corporation.

## Facts

5. Mr. Williams is a person of color and a native of Jamaica.

6. Wal-Mart is engaged in the business of operating general merchandise stores throughout Rhode Island.

7. In or about November 1999, Mr. Williams began working for Wal-Mart as an inventory controller specialist.

8. Mr. Williams applied for advancement within Wal-Mart several times during the course of employment, but the company denied his advancement.

9. On several occasions in which Wal-Mart denied Mr. Williams's advancement, the company filled the open positions with Caucasian workers.

10. During the course of Mr. Williams's employment, he was subjected to repeated instances of harassment based on his race, ethnic background, and national origin.

11. Mr. Williams complained several times about the harassment to his supervisors.

12. Wal-Mart failed and/or refused to take any remedial action pursuant to Mr. Williams's complaints.

13. Throughout early December 2003 and early January 2004, Mr. Williams became seriously ill and missed some time from work due to his illness.

14. On or about January 2, 2006, Wal-Mart terminated Mr. Williams's employment despite the fact the he provided doctors' notes documenting his illnesses.

15. On or about May 13, 2004, Mr. Williams filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") claiming discrimination based on his race and color.

16. On or about May 17, 2004, Mr. Williams filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on his race and color.

17. On or about May 12, 2006, RICHR issued Mr. Williams a Notice of Right to Sue Letter;

18. On or about June 13, 2006, EEOC issued Mr. Williams a Notice of Right to Sue Letter;

**COUNT I**

**(Rhode Island Fair Employment Practices Act - Discrimination)**

19. Mr. Williams hereby restates and incorporates by reference paragraphs 1-18 of this Complaint.

20. By the foregoing acts and omissions, the Defendant has maliciously and callously violated the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended, by discharging and otherwise discriminating against Mr. Williams with respect to the terms, conditions, and privileges of employment, based on his race, color, ethnic background and/or national origin.

21. Mr. Williams has been harmed thereby.

**COUNT II**

**(Rhode Island Fair Employment Practices Act - Retaliation)**

22. Mr. Williams hereby incorporates by reference paragraphs 1-21 of this Complaint.

23. By the foregoing acts and omissions, Defendant has maliciously and callously violated the Rhode Island Fair Employment Practices Act. R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended, by retaliating against Mr. Williams for his exercising of rights under the Rhode Island Fair Employment Practices Act.

24. Mr. Williams has been harmed thereby.

**COUNT III**

**(Rhode Island Civil Rights Act of 1990)**

25. Mr. Williams hereby incorporates by reference paragraphs 1-24 of this Complaint.

26. By its conduct described herein, the Defendants impermissibly interfered with Mr. Williams's right to make, perform, modify and terminate contractual and/or employment relationships and his enjoyment of all benefits, terms, and conditions of said contracts and relationships, resulting in racial harassment, disparate treatment, retaliation and unlawful discharge.

27. By its conduct described herein, the Defendants violated the Rhode Island Civil Rights Act of 1990, R. I. G. L. § 42-112-1 et. *seq.*

28. Mr. Williams has been harmed thereby.

**COUNT IV**

**(Violation of the Family and Medical Leave Act)**

29. Mr. Williams hereby incorporates by reference paragraphs 1-28 of this Complaint.

30. At all relevant times, Wal-Mart employed fifty (50) or more employees at the worksite where Mr. Williams was employed.

31. Mr. Williams was employed at Wal-Mart for at least twelve (12) months.

32. Mr. Williams was employed at Wal-Mart for at least 1,250 hours of service during the previous twelve (12) months prior to his termination.

33. Mr. Williams was eligible, pursuant to the FMLA, for twelve (12) workweeks of leave from his position at Wal-Mart because he suffered from a serious health condition in which he required continuing treatment by a health care provider.

34. Wal-Mart refused to place Mr. Williams on medical leave.

35. Wal-Mart refused to restore Mr. Williams to his position following his return from medical leave.

36. By its conduct described herein, the Defendant violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

37. Defendant's acts were not made in good faith and, therefore, Defendant is liable for liquidated damages pursuant to 29 U.S.C. § 2917(a)(1)(A)(iii).

38. Mr. Williams has been harmed thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Nigel Williams, prays for the following relief:

a) Permanently enjoin the Defendant from violating The Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et. *seq.*, as amended; and The Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 et. *seq.*;

b) Award compensatory damages for his loss of wages and benefits;

c) Award pain and suffering damages;

d) Award punitive damages, pursuant to R.I. Gen. Laws § 28-5-29.1, in an amount sufficient to punish the Defendant and to deter such unlawful actions in the future;

e) Award liquidated damages, pursuant to 29 U.S.C. 2917(a)(1)(A)(iii), in an amount equal to his loss of wages and benefits plus the interest calculated at the prevailing rate;

f) Award attorney's fees, pursuant to R.I. Gen. Laws § 28-5-24.1; R.I. Gen. Laws § 42-112-3; and 29 U.S.C. 2917(a)(3);

g) Award costs pertaining to the within litigation, pursuant to R.I. Gen. Laws § 28-5-24.1; R.I. Gen. Laws § 42-112-3; and 29 U.S.C. 2917(a)(3);

h) Award prejudgment interest at twelve (12) percent per annum pursuant to R.I. Gen. Laws § 9-21-10; and

i) Award such other and further relief as this Court deems just and proper.

Nigel Williams
By His Attorney,

Mark P. Gagliardi (#6819)
420 Angell Street, 3rd Floor
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all issues so triable.

Mark P. Gagliardi (#6819)
420 Angell Street, 3rd Floor
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)

Dated: August 8, 2006