**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NIGEL WILLIAMS,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-437 S |
| WAL-MART STORES, INC.,<br>alias, and any and all<br>defendants,<br>Defendants | : | |

**PLAINTIFF'S RULE 16 MEMORANDUM**

Now comes Nigel Williams, the Plaintiff in the above-captioned matter, and through his attorney, sets forth this Memorandum pursuant to Rule 16(a) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Mr. Williams is a person of color and a native of Jamaica. In or about November 1999, Mr. Williams began working for Wal-Mart as an inventory controller specialist.

Mr. Williams applied for advancement within Wal-Mart several times during the course of his employment, but the company denied his advancement. On several occasions in which Wal-Mart denied Mr. Williams's advancement, the company filled

the open positions with Caucasian workers with similar qualifications to those of Mr. Williams. On many other occasions, Wal-Mart filled the open positions with workers who were trained by Mr. Williams.

During the course of Mr. Williams's employment, he was subjected to repeated instances of harassment based on his race, ethnic background, and national origin. Mr. Williams complained several times about the harassment to his supervisors, however, Wal-Mart failed and/or refused to take any remedial action pursuant to Mr. Williams's complaints.

Throughout early December 2003 and early January 2004, Mr. Williams became seriously ill and missed some time from work due to his illness. On or about January 8, 2004, Wal-Mart terminated Mr. Williams's employment despite the fact that he provided a doctor's note excusing him from work for several days.

While Mr. Williams was being escorted from Wal-Mart's premises, Wayne Costa, the Store Manager, called Mr. Williams, a "****ing minority" in the presence of Mr. Williams's fourteen year old daughter. Mr. Costa also told Mr. Williams, "I'm not the one that hires 'you people.'" Upon information and belief,

Mr. Costa has hurled racial slurs in the past at several of Mr. Williams's minority co-workers.

On or about May 13, 2004, Mr. Williams filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") claiming discrimination based on his race and color. On or about May 17, 2004, Mr. Williams filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on his race and color. On or about May 12, 2006, RICHR issued Mr. Williams a Notice of Right to Sue Letter. On or about June 13, 2006, EEOC issued Mr. Williams a Notice of Right to Sue Letter.

On August 9, 2006, Mr. Williams filed a Complaint against the Defendant in the Superior Court of Providence, State of Rhode Island, claiming violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*, the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 *et. seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* On October 2, 2006, Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441.

**ARGUMENT**

## I. Standard of Law

### A. Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.* (2004) ("FEPA")

Section 28-5-7(1) of FEPA states, in pertinent part:

> It shall be an unlawful employment practice for any employer:
>
> (i) To refuse to hire any applicant for employment because of his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;
>
> (ii) Because of those reasons, to discharge an employee or discriminate against him or her with respect to hire, tenure, compensation, terms, conditions or privileges of employment . . .

R.I. Gen. Laws 28-5-7 (2004).

### B. Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 *et. seq.* (2004)

Section 42-112-1(a) of the Rhode Island Civil Rights Act of 1990 ("RCRA") states, in pertinent part:

> All persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have . . . the same rights to make and enforce contracts . . . and are subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

R.I. Gen. Laws § 42-112-1 (2004).

### C. Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (2004)

Section 2612(a)(1)(D) of the Family and Medical Leave Act ("FMLA") states, in pertinent part:

> [A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . .

> because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a)(1)(D) (2004).

Section 2611(11) defines serious health condition as:

> [A]n illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider.

29 U.S.C. § 2611(11) (2004).

## II. Discussion

Mr. Williams's race and/or national origin were factors in Wal-Mart's decision to deny his advancement. First, on several occasions when the company denied Mr. Williams advancement, it hired Caucasian workers with qualifications similar to those of Mr. Williams. Second, Mr. Costa, who had the authority to advance Mr. Williams within the company, had a discriminatory motive against Mr. Williams as evidenced by his use of racial slurs, not only against Mr. Williams, but also against other minority workers. Third, Mr. Williams was terminated despite the fact that he was eligible for medical leave: (1) he was seriously ill; (2) he had been employed by Defendant for over a year; and (3) he had worked at least 1,250 hours during the previous twelve (12) months.

## CONCLUSION

The Defendant has violated Plaintiff's rights under the above-referenced statutes, thereby causing the Plaintiff to suffer harm.

Nigel Williams
By His Attorney,

/s/Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mgagliardi@verizon.net (e-mail)

## CERTIFICATION

I hereby certify that on this 12th day of December, 2006, I electronically filed this Memorandum with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

**Susan Marcotte Carlin**
Famiglietti & Carlin, Ltd.
132 Old River Road, Suite 205
Lincoln, RI 02865
Famcarltd@aol.com (e-mail)

**Kristi E. Mackin**
Brown Raysman Millstein Felder & Steiner LLP
Cityplace II
185 Asylum Street
Hartford, CT 06103
kmackin@brownraysman.com (e-mail)

/s/Mark P. Gagliardi